UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | |
| GEORGE K. BOYER, | : | BANKRUPTCY COURT NO. |
|     Debtor. | : | 01-32712 (LMW) |
| | : | |
| REPUBLIC CREDIT CORPORATION I, | : | |
|     Appellant, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-01866 (VLB) |
| GEORGE K. BOYER, | : | |
|     Appellee. | : | August 1, 2007 |

## MEMORANDUM OF DECISION
## AFFIRMING BANKRUPTCY COURT ORDER

This appeal arises from the Chapter 7 bankruptcy proceeding initiated by the debtor, George K. Boyer ("debtor"), on May 24, 2001. The appellant, Republic Credit Corporation I ("Republic"), one of the debtor's unsecured creditors, appeals from the order of the bankruptcy court approving the settlement of certain constructive trust claims against numerous individuals and entities associated with the debtor. See In re Boyer, 354 B.R. 14 (Bankr. D. Conn. 2006). Republic claims that the bankruptcy court improperly approved the settlement because Republic had submitted higher settlement offers to the Chapter 7 trustee, Ronald I. Chorches ("trustee"), who declined to submit the offers to the court for approval. For the reasons given below, the order of the bankruptcy court is AFFIRMED.

The following facts are relevant to this appeal. On July 18, 2003,

approximately two years after the debtor filed his Chapter 7 petition, Republic filed a complaint against him, seeking a denial of discharge pursuant to 11 U.S.C. § 727(a).  Section 727(a) provides, inter alia, that the bankruptcy court "shall grant the debtor a discharge" as long as the debtor has not engaged in fraudulent transfers.[1]  Republic alleged that the debtor had maintained a secret interest in certain real and personal property that he transferred to his wife, Mary Boyer, for no consideration in the 1980s.  Republic further alleged that the debtor's son, Kenneth Boyer, employed the debtor but paid his wages directly to Mary Boyer.

On the basis of Republic's allegations, as well as examinations of the debtor, Mary Boyer, and Kenneth Boyer pursuant to Fed. R. Bankr. P. 2004, the trustee sought to impose a constructive trust on the assets transferred to Mary Boyer.  Thereafter, Mary Boyer offered to settle the constructive trust claims for $85,000.  On March 2, 2005, the trustee filed a motion to compromise pursuant to Fed. R. Bankr. P. 9019(a), which provides:  "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  The trustee recommended the approval of the settlement because he believed that litigating the constructive trust claims would be too difficult, expensive, and time consuming.

---

[1] 11 U.S.C. § 727(a) provides in relevant part:  "The court shall grant the debtor a discharge, unless . . . (2) the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—(A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition . . . ."

Republic objected to the motion to compromise and offered to purchase all of the constructive trust claims from the trustee for $90,000. Although Republic's offer was higher than Mary Boyer's offer, the trustee determined that the bankruptcy court would not approve the sale of the constructive trust claims to an objecting creditor. The trustee therefore presented only Mary Boyer's offer to the bankruptcy court. On November 14 and December 19, 2005, the bankruptcy court held a hearing on the motion to compromise. The hearing included testimony by the debtor, the trustee, and John O'Neil, an attorney who is an expert on constructive trust claims. After the hearing began, Republic made a second offer to pay the trustee $90,000 if he abandoned the constructive trust claims pursuant to 11 U.S.C. § 554(a), which provides: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Republic's second offer also included an additional payment to the estate of 10 percent of any recovery obtained from litigating the constructive trust claims. The trustee did not respond to that offer.

The bankruptcy court issued its order approving the settlement between the trustee and Mary Boyer on October 19, 2006. The court credited the trustee's testimony that the settlement was reasonable; that the constructive trust claims otherwise had little value; and the trustee's opinion that the debtor probably had not engaged in any fraudulent transfers. The court also credited O'Neil's testimony that litigating the constructive trust claims would be fruitless. In re

Boyer, 354 B.R. at 33-34. In examining alternatives to the settlement with Mary Boyer, the court concluded that it would not have approved Republic's first offer to purchase the constructive trust claims. The court noted that the trustee had not consented to that offer and that accepting the offer "would foment useless litigation and is against public policy." Id. at 35. As to Republic's second offer to pay the trustee to abandon the constructive trust claims, the court determined that abandonment was not an option available to the trustee. The court explained that the claims could be abandoned only if they were "burdensome" or "of inconsequential value to the estate" pursuant to 11 U.S.C. § 554(a). Because Mary Boyer offered to purchase those claims for $85,000, and Republic offered $90,000, they were clearly not "of inconsequential value." Id. The court accordingly granted the trustee's motion to compromise. Republic then filed this appeal.

Jurisdiction over this appeal is conferred by 28 U.S.C. § 158(a)(1). In reviewing the bankruptcy court's order, Fed. R. Bankr. P. 8013 provides in relevant part: "Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . The bankruptcy court's conclusions of law, however, are reviewed de novo." In re Guadalupe, 365 B.R. 17, 19 (D. Conn. 2007).

"[T]he bankruptcy judge is uniquely positioned to consider the equities and reasonableness of a particular compromise, and [the judge's] evaluations and acceptance of the compromised settlements are entitled to deference on a review. . . . Thus the Bankruptcy Court's determination that the settlements are reasonable should not be overturned unless it is manifestly erroneous or an abuse of discretion." In re Tower Automotive, Inc., 241 F.R.D. 162, 166 (S.D.N.Y. 2006). "In reviewing a settlement, it is the Bankruptcy Court's responsibility, and [the District] Court's upon review, to canvass the issues raised and see whether the settlement falls below the lowest point of reasonableness. . . . The reviewing court, however, may not simply rubber stamp the recommendation of a trustee or debtor in possession but, instead, must make an independent, full and fair assessment of the wisdom of the proposed compromise." Id. at 170. "Courts reviewing proposed settlements under Rule 9019 generally consider the following factors: (1) the probability of success in litigation, (2) the difficulties, if any, that might be encountered in collecting a judgment, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and (4) the paramount interest of creditors and a proper deference to their reasonable views." Id.

On appeal, Republic claims that the bankruptcy court improperly approved the settlement between the trustee and Mary Boyer because Republic had submitted higher offers to purchase the constructive trust claims. As the bankruptcy court correctly noted, "[t]he alleged constructive trust . . . claims are

5

not technically avoidance claims. However, they are sufficiently analogous to avoidance claims such that the same rules should (and do) apply to assignments of both." In re Boyer, 354 B.R. at 35 n.33. Avoidance claims allow a trustee to seek the reversal of fraudulent transfers or preferences, which disproportionately benefit a creditor. See 11 U.S.C. §§ 544, 545, and 547 to 549. The sale or assignment of avoidance claims to an objecting creditor is not permitted if the creditor intends to pursue the claims on its own behalf. "[N]either a trustee in bankruptcy, nor a debtor-in-possession, can assign, sell, or otherwise transfer the right to maintain a suit to avoid a preference." In re Vogel Van & Storage, Inc., 210 B.R. 27, 32 (N.D.N.Y. 1997), aff'd on other grounds, 142 F.3d 571 (2d Cir. 1998). "[S]uch transfers would run contrary to two primary policies underlying the Bankruptcy Code. First, the Code allows only the trustee or debtor-in-possession to sue on a preference because only that trustee or debtor-in-possession represents the interests of all the creditors in maximizing the value of the debtor's estate. . . . Second, permitting trustees alone to sue on a preference facilitate[s] the prime bankruptcy policy of equality of distribution among creditors of the debtor. . . . It is feared that by allowing one creditor to buy a claim from the trustee and pursue that claim on his own behalf, that creditor may be allowed to recover more of the estate's assets than would otherwise rightfully be due to that creditor." Id. at 33.

If a creditor intends to pursue avoidance claims on behalf of the estate, the sale or assignment of those claims may be permitted as long as the trustee

6

consents and the court finds that the sale or assignment is in the "best interest" of the estate and "necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings."  In re Commodore Int'l Ltd., 262 F.3d 96, 99 (2d Cir. 2001); see also In re Metropolitan Elec. Mfg. Co., 295 B.R. 7, 13 (Bankr. E.D.N.Y. 2003).

In the present case, Republic's first offer was to pursue the constructive trust claims on its own behalf in exchange for $90,000.  Thus, even if the trustee had presented Republic's offer to the bankruptcy court, the court would not have been able to approve it for the reasons given in the previously cited case of In re Vogel Van & Storage, Inc., 210 B.R. at 32-33.  At no time did Republic offer to pursue the constructive trust claims entirely on the estate's behalf, so the test described in the case of In re Commodore Int'l Ltd., 262 F.3d at 99, does not apply to this case.  There is also no evidence in the record that Republic holds the vast majority of the constructive trust claims, and so a sale of those claims to Republic would not involve minimal impropriety among all of the creditors.  See In re Greenberg, 266 B.R. 45, 51-52 (Bankr. E.D.N.Y. 2001) (authorizing a creditor who held 99 percent of the claims against the debtor's spouse to pursue avoidance actions on behalf of the estate).

Republic's second offer was to pay the trustee $90,000 plus 10 percent of any recovery obtained from litigating the constructive trust claims if the trustee abandoned those claims as "burdensome" and "of inconsequential value" pursuant to 11 U.S.C. § 554.  The bankruptcy court correctly concluded that the

trustee could not have abandoned the constructive trust claims because Mary Boyer's offer to purchase them established that they were valuable to the estate.

Finally, the bankruptcy court properly approved the trustee's settlement with Mary Boyer. The court found that the testimony by the trustee and O'Neil, the expert on constructive trust claims, established that litigating those claims would have been too difficult and time consuming. This Court must give due deference to the bankruptcy court's unique opportunity to assess the credibility of the witnesses and the reasonableness of the settlement. Having considered the factors outlined in the previously cited case of <u>In re Tower Automotive, Inc.</u>, 241 F.R.D. at 166, this Court concludes that the bankruptcy court's findings were not manifestly erroneous or an abuse of discretion.

The order of the bankruptcy court is AFFIRMED. The Clerk is directed to CLOSE this file.

                                          IT IS SO ORDERED.

                                          /s/
                                      Vanessa L. Bryant
                                      United States District Judge

Dated at Hartford, Connecticut: August 1, 2007.